UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN ELOPH,<br><br>Plaintiff(s),<br>v.<br><br>HOS BROS CONSTRUCTION INC.,<br><br>Defendant(s). | CASE NO. C25-2491-KKE<br><br>ORDER ON MOTIONS TO REMAND AND FOR JUDGMENT ON THE PLEADINGS |

This wage and hour dispute is before the Court on Plaintiff John Eloph's motion to remand this action to King County Superior Court and Defendant Hos Bros Construction, Inc.'s ("Hos Bros") motion for judgment on the pleadings. For the reasons below, the Court will deny Eloph's motion to remand and grant Hos Bros' motion for judgment on the pleadings.

## I. BACKGROUND

Eloph brings a putative class action alleging that Hos Bros "has engaged in a systematic scheme of wage and hour abuses" against its Washington-based hourly-paid or non-exempt employees. Dkt. No. 1-2 ¶ 1.1. Eloph asserts eight causes of action, each of which is based on purported violations of Washington state wage laws and Washington's Administrative Code. *See id.* at 10–15. Those claims allege that Hos Bros failed to, among other things, provide rest breaks, meal breaks, allow for accrual and use of sick leave, identify and record deductions and rebates in employee payroll records, pay all wages due at termination, and pay minimum and overtime

wages. Dkt. No. 1-2 at 10–16. The parties do not dispute that, while employed at Hos Bros, Eloph was a member of Laborers International Union of North America ("LIUNA") Local 242. Dkt. No. 12 at 3–4, Dkt. No. 19 at 1.

Hos Bros filed a declaration by its chief financial officer, Russell Proctor, in support of its notice of removal. Dkt. No. 3. In that declaration, Proctor asserts that Hos Bros has been a member of the Associated General Contractors ("AGC") of Washington, and that "[a]t all relevant times, collective bargaining agreements (CBAs) existed between the [AGC] … and the Unions … governing the terms and conditions of Hos Bros' employment of its non-exempt employees, including Plaintiff John Eloph." *Id.* ¶ 4. Proctor attached as exhibits copies of the 2024–2027 CBAs between the various unions representing Hos Bros' employees, including the Washington and Northern Idaho District Council of Laborers ("Laborers"), the Operating Engineers Local 302 ("Local 302"), the Operating Engineers Local 612 ("Local 612"), and the International Brotherhood of Teamsters Locals 38, 173, 231, 252, 313, and 589 ("Teamsters"). Dkt. No. 2 ¶ 3, *id.* at 5–177. Each CBA includes terms that govern members' lunch periods, rest periods, paid sick leave, pay day (including requirements for pay statements and deductions), settlement of disputes, overtime, and (attached as appendices) wage scales based on job title. *See id.* at 5–177.

Hos Bros filed another declaration by Proctor in support of its motion for judgment on the pleadings. Attached to that declaration, Proctor attached the same CBAs included in Hos Bros' notice of removal as well as the 2021–2024 CBAs for each union. *See* Dkt. Nos. 16, 16-1–16-8. According to Proctor, the Laborers CBA (2021–2024) (Dkt. No. 16-5 at 3–38) governed Eloph's employment with Hos. Bros. Dkt. No. 16 ¶ 8. The Laborers are "regional council for the LIUNA local unions spread across Washington and Northern Idaho, including LIUNA Local 242," and Eloph does not dispute he was a member of LIUNA Local 242 "until late 2023[.]" Dkt. No. 19 at 4–5, Dkt. No. 12 at 3, Dkt. No. 13 ¶¶ 3–4.

## II. MOTION TO REMAND

### A. Legal Standard

A defendant may remove a state court civil action to federal court if it originally could have been filed in federal court, based either on diversity or federal question jurisdiction. 28 U.S.C. § 1441(a); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). Federal question jurisdiction is met where the action "aris[es] under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Courts construe the removal statute against removal jurisdiction and the party seeking removal bears the burden of establishing jurisdiction by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). "A corollary to the well-pleaded complaint rule is the 'complete preemption' doctrine, which applies in cases in which 'the preemptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *In re NOS Commc'ns, MDL No. 1357*, 495 F.3d 1052, 1057 (9th Cir. 2007) (quoting *Caterpillar*, 482 U.S. at 393). "Once an area of state law has been completely preempted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.*

### B. Labor Management Relations Act Preemption

Section 301 of the federal Labor Management Relations Act ("LMRA") provides that:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court of the United States having jurisdiction of the parties[.]

29 U.S.C. § 185(a). "A claim that falls within § 301's ambit 'is considered, from its inception, a federal claim,' and so is subject to removal based on federal question jurisdiction." *McCray v. Marriott Hotel Servs., Inc.*, 902 F.3d 1005, 1009 (9th Cir. 2018) (quoting *Caterpillar*, 482 U.S. at 393). Accordingly, "a suit in state court alleging a violation of a provision of a labor contract must be brought under § 301," and such claims are completely preempted by the LMRA. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209–11 (1985) (citing *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103 (1962)). Still, "not every dispute concerning employment, or tangentially involving a provision of a [CBA], is pre-empted by § 301." *Id.* at 211. "In the Ninth Circuit, the LMRA preempts state-law claims in two scenarios: when the right sought to be vindicated 'exists solely as a result of the CBA,' or when that right exists independently of the CBA but is 'nevertheless substantially dependent on analysis of a collective-bargaining agreement.'" *Bruce v. Sellen Constr. Co. Inc.* ("*Sellen I*"), 2:25-CV-00705-JHC, 2025 WL 2355765, at *1 (W.D. Wash. Aug. 14, 2025) (quoting *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007)).

Further, under Washington law, collective bargaining rights are "not affected" by Washington rules regarding rest and meal breaks under the so-called "construction industry exception":

> [R]ules … regarding appropriate rest and meal periods as applied to employees in the construction trades may be superseded by a collective bargaining agreement negotiated under the national labor relations act, 29 U.S.C. Sec. 151 et seq., if the terms of the collective bargaining agreement covering such employees specifically require rest and meal periods and prescribe requirements concerning those rest and meal periods.

WASH. REV. CODE § 49.12.187(1); *see Stafford v. Key Mech. Co. of Washington*, C21-5063-BHS-MLP, 2021 WL 2211287, at *4 (W.D. Wash. Apr. 27, 2021), *report and recommendation adopted*, C21-5063 BHS-MLP, 2021 WL 2206496 (W.D. Wash. June 1, 2021) (describing so-called "construction industry exception"); *see also Sellen I*, 2025 WL 2355765, at *1 (same).

**C. Hos Bros Establishes Federal Question Jurisdiction Under the LMRA.**

Eloph moves to remand this action to state court, asserting that the Court lacks jurisdiction over his complaint because it only raises state law claims. Dkt. No. 12 at 4–5. Hos Bros counters that Eloph's state law claims are preempted by the LMRA. The Court agrees with Hos Bros that Eloph's claims are preempted and will deny Eloph's motion to remand the case to state court.

1. <u>Hos Bros Provided Sufficient Evidence of the CBA Covering Eloph's Employment.</u>

Eloph first argues that Hos Bros has not provided sufficient evidence of his membership in a union subject to a CBA, and therefore has not met its burden to show removal was proper. Dkt. No. 12 at 1. Specifically, Eloph claims that the CBAs attached to Hos Bros' notice of removal,[1] which were dated 2024–2027, do not apply to his employment, which ended in 2023. Eloph argues that without an applicable CBA to interpret, his state law claims cannot be preempted under the LMRA, and there is "no federal question" necessary to sustain jurisdiction in this Court. Dkt. No. 12 at 4–6. The Court disagrees and concludes that Hos Bros has provided sufficient evidence of Eloph's union membership.

With its notice of removal, Hos Bros provided the CBAs for the Laborers Union from 2024 to 2027. Eloph concedes that he was a member of LIUNA Local 242, which is "a local union branch that is overseen and managed by" the Laborers. *Id.*, Dkt. No. 22 at 2, Dkt. No. 16 ¶ 6. Further, in connection with its motion for judgment on the pleadings, Hos Bros also provided the 2021–2024 Laborers CBA, which Hos Bros cited to and incorporated by reference in its opposition to the motion to remand. *See* Dkt. No. 16-5. Hos Bros also provided a dispatch slip issued in connection with Eloph's employment with Hos Bros, which references his membership in the

[1] Courts may "consider evidence in deciding a remand motion, including documents that can be judicially noticed." *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 941 (C.D. Cal. 2014) (citing *Ryti v. State Farm Gen. Ins. Co.*, No. C 12–01709 JW, 2012 WL 2339718, *1 n.4 (N.D. Cal. May 30, 2012)).

Laborers. *See* Dkt. No. 20-1. Finally, in his declaration in support of Hos Bros' opposition to the motion to remand, Proctor asserts that "John Eloph is a former employee of Hos Bros, and at all relevant times during his employment, he was unionized through a local branch overseen by the regional Washington and Northern Idaho District Council of Laborers." Dkt. No. 20 ¶ 2. Proctor further attests that the Laborers is the regional counsel for the LIUNA local unions spread across Washington, including LIUNA Local 242, and that "LIUNA Local 242's website links to the same CBA attached to [the] declaration submitted in support of [Hos Bros'] Notice of Removal." *Id.* ¶ 3. Eloph does not meaningfully dispute this evidence other than to suggest that the dispatch slip is insufficient to show his membership in the Laborers union because it refers to "Josh Eloph," rather than "John Eloph[.]" Dkt. No. 22 at 2. While Eloph generally argues Hos Bros did not meet its burden, he does not otherwise respond to Proctor's testimony.

As Eloph acknowledges, Hos Bros must only show by a preponderance of the evidence that removal was proper. Dkt. No. 12 at 4 (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)). The Court finds that Hos Bros has shown that it is more likely than not that the Laborers CBA applied to Eloph's work with Hos Bros.

2. <u>Eloph's Meal and Rest Break Claims Are Preempted.</u>

Eloph's motion to remand turns on whether the LMRA preempts his claims, which he styles as state law claims. The LMRA preempts state-law claims if either "the right sought to be vindicated exists solely as a result of the CBA" or "that right exists independently of the CBA but is nevertheless substantially dependent on analysis of a collective-bargaining agreement." *Sellen I*, 2025 WL 2355765, at *1 (citing *Burnside*, 491 F.3d at 1059 (quoting *Caterpillar, Inc.*, 482 U.S. at 394)) (cleaned up). Eloph broadly asserts that his claims cannot be preempted because they are based on Washington state wage and hour laws, and that such rights cannot be waived under long-standing Washington case law. Dkt. No. 12 at 5–9. Hos Bros counters that under Washington's

construction industry exception, "employers in the construction trade, such as Hos Bros" may "supersede the state's meal and rest period requirements pursuant to a CBA negotiated under § 301 of the LMRA" where the "CBA contains terms that" meet the requirements of that statute.[2] Dkt. No. 19 at 6–7 (citing WASH. REV. CODE § 49.12.187). Hos Bros additionally observes that the complaint here is "nearly identical" to the complaint filed in *Sellen*. *Id.* at 7 n.3 (citing *Bruce v. Sellen Constr. Co. Inc.* ("*Sellen II*"), No. 2:25-CV-00705-JHC, 2025 WL 2495034 (W.D. Wash. Aug. 29, 2025)). In *Sellen I*, the Honorable John H. Chun denied a motion to remand and applied the construction industry exception to conclude the plaintiff's claims were preempted. 2025 WL 2495034, at *2; *see also Sellen II*, 2025 WL 2495034, at *1 (describing plaintiff's claims as including rest and meal break claims, minimum wage claims, overtime claims, and deduction and rebate claims). In his reply, Eloph suggests that *Sellen* is non-binding and has been "refute[d]" by the Ninth Circuit in *Renteria-Hinojosa v. Sunsweet Growers, Inc.*, 150 F.4th 1076 (9th Cir. 2025)." Dkt. No. 22 at 3–4. The Court disagrees. The LMRA preemption analysis in *Sellen* was not at issue in *Sunsweet Growers*, as that case did not involve Washington's construction industry exception. And, unlike here, the plaintiff's claims in *Sunsweet Growers* did not "arise under" the CBA.

Eloph further argues that "if Washington intended for all its wage-and-hour protections to be preempted by CBAs, it would have and could have done so, instead of carving out very specific provisions in very specific professions." Dkt. No. 22 at 3–4. The problem with this argument is that this case involves the "very specific professions" contemplated by the Washington exception:

---

[2] Eloph suggests that the construction industry exception does not apply because the statute is "limited to certain trades" including "the construction trade, which *may* be relevant here," but such a determination cannot be made "because there is no CBA to analyze." Dkt. No. 12 at 9 (emphasis added). Such an argument is specious. Hos Bros is a construction company, Eloph admits he is a member of a union for construction workers (Dkt. No. 12 at 3–4), and Hos Bros has shown by a preponderance of the evidence that Eloph was subject to a CBA negotiated by that union.

"the construction trades." WASH. REV. CODE § 49.12.187(1). Indeed, the construction industry exception in clear terms provides that Washington rules "regarding appropriate rest and meal periods as applied to employees in the construction trades may be superseded by a [CBA]." *Id.*; *cf. Oswald v. MV Transp., Inc.*, 25-CV-03053-AMO, 2026 WL 25840, at *4 (N.D. Cal. Jan. 5, 2026) (finding Section 301 of the LMRA preempted California state law wage, meal, and rest period claims where California statutory exemptions for CBAs applied). Thus, the Court adopts the reasoning in *Sellen I* here and finds that the Laborers CBA "'supersedes' Washington state law and invites federal jurisdiction under Section 301" of the LMRA. 2025 WL 2355765, at *2.

In sum, because Eloph's asserted rights are "grounded in the CBA given the application of RCW 49.12.187's construction industry exception," Section 301 of the LMRA preempts his claims. *Stafford*, 2021WL 2211287, at *7. Thus, the Court has jurisdiction.[3] Eloph's motion to remand is denied.[4] Dkt. No. 12.

## III. MOTION FOR JUDGMENT ON THE PLEADINGS

Hos Bros moves for judgment on the pleadings under Rule 12(c). In support of the motion, Hos Bros asks the Court to take judicial notice of the relevant CBAs and to conclude that Eloph's

[3] "[W]hen the Court has original jurisdiction over one state law claim due to complete preemption, other state law claims are likewise preempted to the extent they are derivative of the original jurisdiction claim." *Sandoval v. Mamco, Inc.*, 5:24-CV-02615-SVW, 2025 WL 485122, at *5 (C.D. Cal. Feb. 13, 2025) (citation modified). As discussed in greater detail in the Court's analysis of the motion for judgment on the pleadings, Eloph's remaining claims are either derivative of his meal and rest break claims (over which the Court has original federal jurisdiction), or, "to the extent they are not derivative of the preempted claims," warrant the Court's exercise of supplemental jurisdiction under 28 U.S.C. § 1367. *Id.* at *5 (exercising supplemental jurisdiction over similar claims where Section 301 preempted a plaintiff's meal period and unpaid overtime claims). This is because his remaining claims "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Trs. of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) (citation modified); *see, e.g.*, *Garcia v. Serv. Employees Int'l Union*, 993 F.3d 757, 764 n.5 (9th Cir. 2021) (affirming district court's exercise of supplemental jurisdiction over non-preempted state law claims in a wage and hour case involving Section 301 preemption).

[4] In his motion to remand, Eloph requested alternative relief in the form of leave to amend his complaint and remove preempted claims. Dkt. No. 12 at 10. The Court denies Eloph's request for his failure to comply with Local Civil Rule 15, which, among other things, requires the party moving for leave to amend to "attach a copy of the proposed amended pleading as an exhibit to the motion" to amend. Local Rules W.D. Wash. LCR 15(a).

claims are preempted by the LMRA or fail to state a claim. Eloph resists judicial notice and argues that the motion is both premature and fails on the merits. For the reasons below, the Court will judicially notice the CBAs and grant Hos Bros' motion. The Court finds that Eloph's first, second, third, fourth, fifth, and seventh causes of action are preempted by the LMRA and are therefore dismissed. Eloph's sixth and eighth causes of action are dismissed for failure to state a claim.

**A. Legal Standard**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (citation modified). The standards for deciding a Rule 12(b)(6) motion and a Rule 12(c) motion are "functionally identical[.]" *Cafasso, U.S. ex rel. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (citation omitted). In reviewing a motion for judgment on the pleadings under Rule 12(c), a court takes all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the non-moving party. *Hines v. Youseff*, 914 F.3d 1218, 1227 (9th Cir. 2019). Judgment on the pleadings is appropriate when a complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"If the Court determines that judgment on the pleadings is warranted, it must then decide whether to grant leave to amend." *Jackson v. CEVA Logistics*, No. 19-cv-07657-LHK, 2020 WL 6743915, at *3 (N.D. Cal. Nov. 17, 2020) (citing *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1135 (9th Cir. 2012)). "Dismissal without leave to amend is appropriate only when the Court is satisfied that an amendment could not cure the deficiency." *Harris*, 682 F.3d at 1135.

**B. Judicial Notice of CBAs**

Hos Bros asks the Court to judicially notice the CBAs. Dkt. No. 15 at 6–7. Eloph opposes Defendant's request, arguing that the Court should not judicially notice the CBAs or allow Defendants to incorporate them by reference because the complaint "does not even mention the CBA(s), nor does it incorporate any CBA terms by reference." Dkt. No. 23 at 5.

When ruling on a motion for judgment on the pleadings, "courts must consider the complaint in its entirety, as well as other sources[,]" including "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1201 (9th Cir. 2021) (citing *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007)). Courts consider documents as incorporated by reference in "situations where the complaint necessarily relies upon a document[,] or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). "[E]xamination of extra-pleading material" is, in addition, permitted "when a defendant asserts that a claim is completely preempted." *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1035 (9th Cir. 2014) (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 211 (2004)).

Courts in this district and others "regularly find CBAs to be the proper subject of judicial notice when determining pleading challenges based on LMRA preemption." *Oswald v. MV Transp., Inc.*, 25-CV-03053-AMO, 2026 WL 25840, at *1 (N.D. Cal. Jan. 5, 2026); *see also Sellen II*, 2025 WL 2495034, at *2 (taking judicial notice of CBA and collecting cases doing the same). Courts may also properly consider CBAs under the doctrine of incorporation by reference. *Oswald*, 2026 WL 25840, at *2. Eloph does not dispute the accuracy of the CBAs and cites no

authority establishing that judicial notice of the CBAs is inappropriate. Accordingly, the Court will take judicial notice of the CBAs.

**C. Preemption**

To determine whether a claim is preempted under Section 301, courts in the Ninth Circuit apply a two-step test. *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019). At step one, the court "must determine 'whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA. If the right exists solely as a result of the CBA, then the claim is preempted, and [the] analysis ends there.'" *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016) (alteration in original) (quoting *Burnside*, 491 F.3d at 1059). If the right underlying the state law claims exists independently of the CBA, courts move to the second step and ask "whether the right is nevertheless substantially dependent on analysis of a collective-bargaining agreement." *Id.* at 1032 (citation modified). If the right is substantially dependent on a CBA, then the claim cannot proceed under state law. *Id.*

Hos Bros argues it is entitled to judgment on the pleadings because Eloph's Washington state law claims are all preempted by Section 301 of the LMRA. Eloph resists Hos Bros' argument because, according to Eloph, all claims in the complaint arise under "independent rights protected by" state law rather than any CBA. Dkt. No. 23 at 6–7. For the reasons discussed below, Eloph's rest period, meal period, overtime wage, minimum wage, sick leave accrual, and unpaid wages at termination claims are preempted under step one of the test. *See Curtis*, 913 F.3d at 1153 (citation omitted). The remaining claims—i.e., his willful deductions and rebates and willful refusal to pay wages claims—are dismissed for failure to state a claim.

1. Eloph's Rest Period, Meal Period, Overtime Wage, Minimum Wage, Sick Leave Accrual and Unpaid Wages at Termination Claims are Preempted.

Eloph's first and second causes of action allege that Hos Bros failed to provide, respectively, rest periods and meal periods, each in violation of Wash. Rev. Code § 49.12.020. Dkt. No. 1-2 ¶¶ 6.1–6.10, 7.1–7.10. As discussed above, the Washington construction industry exception permits construction employees and employers to "supersede" Washington state law requirements for rest and meal break periods. WASH. REV. CODE § 49.12.187; *see also Sellen I*, 2025 WL 2355765, at *1–2. For the same reason, Eloph's right to rest and meal periods are preempted by Section 301 of the LMRA.

Eloph's third cause of action asserts Hos Bros failed to pay overtime wages in violation of Wash. Rev. Code § 49.46.130. Dkt. No. 1-2 ¶¶ 8.1–8.4, 9.1–9.4. His fourth cause of action asserts that Hos Bros violated Washington's Minimum Wage Act. *Id.* ¶¶ 9.1–9.4. Eloph's minimum wage cause of action is derivative of his rest and meal break claims, as he alleges that "Defendant has engaged in a common course of failing to pay minimum wages … for each missed rest [or meal] break." *Id.* ¶¶ 5.16–5.17. Eloph's overtime wage cause of action is similarly derived from his rest and meal break claims, as he alleges that "Defendant has engaged in a common course of failing to pay overtime wages … during workweeks in which missed rest [or meal] break time extended the workweek beyond forty (40) hours." *Id.* ¶¶ 5.20–5.21. Because they derive from Eloph's rest and meal break claims, his overtime and minimum wage claims are also preempted. *See Sellen II*, 2025 WL 2495034, at *3–4 (finding overtime and minimum wage claims to be derivative of meal and rest break claims, and thus preempted by Section 301 of the LMRA).[5]

[5] Eloph argues that these claims are not derivative and re-raises his argument that *Sunsweet Growers* renders *Sellen II* bad law. Dkt. No. 23 at 9. In support of this assertion, Eloph states (incorrectly) that *Sellen II* "was decided two weeks prior" to *Sunsweet Growers*. The Court has already rejected that argument. The Court also observes that *Sellen II* was decided around two weeks after *Sunsweet Growers*. The Court thus adopts *Sellen II*'s conclusion that

In his fifth cause of action, Eloph alleges Hos Bros failed to accrue and allow employees to use paid sick leave in violation of Wash. Rev. Code § 49.46.210. Dkt. No. 1-2 ¶¶ 10.1–10.5. As with his minimum wage and overtime causes of action, Eloph's sick leave claim is derived from his meal and rest break claims. He alleges that "Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members by failing to accrue paid sick leave for each missed rest [or meal] break." *Id.* ¶¶ 5.28, 5.29. Thus, as with his minimum wage and overtime claims, this claim is also preempted under Section 301 of the LMRA. *See Sellen II*, 2025 WL 2495034, at *3–4.

Eloph's seventh cause of action asserts unpaid wages at termination under Wash. Rev. Code § 49.48.010. As to this claim, Eloph asserts only that "Defendant has engaged in a common course of failing to pay Plaintiff and the Class members all wages due at termination." Dkt. No. 1-2 ¶ 5.31. Under Wash. Rev. Code § 49.48.010:

> When any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due to him or her on account of his or her employment shall be paid to him or her at the end of the established pay period[,] … PROVIDED FURTHER, That the duty to pay an employee forthwith shall not apply if the labor-management agreement under which the employee has been employed provides otherwise.

Courts in this district have found similar claims preempted by the LMRA given this language. *See, e.g.*, *Sellen II*, 2025 WL 2495034, at *4–5 (citing *Guardado v. Cascadian Bldg. Mgmt., Ltd.*, C16-0303JLR, 2016 WL 3105041, at *4–5 (W.D. Wash. June 1, 2016)). This is because under Wash. Rev. Code § 49.48.010, "[i]n a manner analogous to RCW 49.12.187, the 'single right to be timely paid' as provided by the statute is displaced by the CBA." *Id.* at *5 (reasoning that the preemption

---

Wash. Rev. Code § 49.12.187 can "be read to cede the right at issue from state law to the CBA," thus triggering preemption under Section 301 of the LMRA.

conclusion may be stronger in this statutory context than in the construction industry exception context given the use of the phrase "shall not apply"). Thus, Eloph's seventh cause of action is preempted by Section 301 of the LMRA.

2. Eloph Fails to State a Claim for Unlawful Deductions and Rebates and Willful Refusal to Pay Wages.

Eloph's sixth cause of action alleges unlawful deductions and rebates pursuant to Wash. Rev. Code § 49.52.060 under a general theory that Hos Bros failed to maintain accurate payroll records. Dkt. No. 1-2 ¶¶ 11.1–11.5, 5.33–35. As to this claim, he asserts only that "Defendant has engaged in a common course of failing to keep accurate records of the hours Plaintiff and the Class members worked each day or the total hours they worked each week," as well as "a common course of making deductions and collecting rebates from the wages of Plaintiff and the Class Members." *Id.* ¶¶ 5.34, 5.23. It is unclear based on these barebones pleadings whether this claim derives from Eloph's rest and meal break claims. Indeed, Eloph pleads no facts regarding which deductions or rebates were collected—or whether those collected deductions or rebates were connected to Hos Bros' alleged failure to provide rest and meal breaks. As in *Sellen II*, "[t]o the extent that this claim refers to rebates or deductions unconnected to the rest and meal break claims, then Plaintiff has not provided sufficient facts to 'nudge[] their claims across the line from conceivable to plausible.'" 2025 WL 2495034, at *4 (alteration in original) (quoting *Twombly*, 550 U.S. at 570). If, on the other hand, this claim is tied to Eloph's allegations about rest and meal breaks, it is derivative of those claims, and thus preempted under Section 301. *Id.* Thus, the Court dismisses the sixth cause of action for failure to state a claim.

Eloph's eighth cause of action asserts Hos Bros willfully refused to pay wages in violation of Wash. Rev. Code § 49.52.050. As to this claim, Eloph claims only that "Defendant's violations" "were willful and intentional[.]" As with his sixth cause of action, Eloph again provides no specific

facts which make it plausible that Hos Bros willfully withheld wages from its employees. "Courts in this district have rejected similar allegations," as insufficient to survive a motion to dismiss. *Sellen II*, 2025 WL 2495034, at *5 (citing *Guardado*, 2016 WL 3105041, at *6). Thus, this claim is also dismissed for failure to state a claim.

**D. The Court Will Not Grant Leave to Amend Preempted Claims, But Grants Leave to Amend Remaining Claims.**

Hos Bros argues that Eloph's claims must be dismissed without leave to amend because amendment would be futile as Eloph "failed to exhaust his contractual remedies through the mandatory grievance process detailed in the CBA that governed his employment with Hos Bros." Dkt. No. 15 at 16; 2; Dkt. No. 25 at 7. Eloph does not address Hos Bros' argument regarding exhaustion of grievance procedures provided in the CBA, which the Court construes as an admission it has merit. *DeFries v. Union Pac. R.R. Co.*, No. 3:21-CV-205-SI, 2025 WL 2193936, at *5 (D. Or. July 31, 2025) ("Generally, the failure to respond to an argument on its merits is grounds for deeming that argument abandoned or conceded.") (collecting cases). Instead, Eloph generally rests on Rule 15's instruction that leave to amend be freely given "when justice so requires." Dkt. No. 23 at 3–4; *see* FED. R. CIV. P. 15(a). The Court agrees with Hos Bros.

Article 12 of the Laborers CBA which governed Eloph's employment with Hos Bros contains a dispute settlement procedure, which takes place across four steps "[i]n cases of violation" of the CBA. Dkt. No. 16-5 at 11. At step one, "the dispute shall promptly (not later than fifteen (15) working days), be referred to the Business Manager of the Local Union involved and the Employer's authorized representative[.]" *Id.* If the Business Manager and the employee's representative cannot settle the dispute, the matter "shall proceed" to step two, which involves review by a Board of Conciliation. *Id.* If the Board of Conciliation cannot settle the matter within seven days, or if either party waives step two, the matter proceeds to step three, mediation. *Id.*

"Should mediation be waived or the parties fail to reach an agreement," the dispute proceeds to step four, arbitration. *Id.* The timeframes provided by the dispute settlement procedures "may be waived or extended" "[b]y mutual agreement." *Id.*

A complaint should be dismissed with prejudice where amendment would be futile. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). When a CBA contains a mandatory grievance procedure, that procedure must be exhausted before the Court may hear a claim for breach of contract under the LMRA. *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 36–38 (1987); *see also Carr v. Pac. Mar. Ass'n*, 904 F.2d 1313, 1317 (9th Cir. 1990). "The Ninth Circuit has recognized at least two exceptions to the exhaustion requirement: (1) when the conduct of the employer amounts to a repudiation of the grievance procedures in the CBA or (2) if the employee was prevented from using the CBA grievance procedures by the union's wrongful refusal to process the grievance." *Ojeda v. Kaiser Permanente Int'l, Inc.*, EDCV221057MWFGJS, 2022 WL 18228249, at *4 (C.D. Cal. Nov. 29, 2022) (citation modified).

Eloph has pleaded no facts concerning exhaustion of remedies under the CBA dispute settlement procedure and did not respond to Hos Bros' argument on this point. Nor did he bring a so-called "hybrid" claim alleging that the Laborers or LIUNA Local 242 breached its duty of fair representation in its handling of his grievances. *Cf. Sellen II*, 2025 WL 2495034, at *6 (allowing amendment of complaint where "Plaintiff gestures at the possibility of a Section 301 hybrid claim"). Accordingly, the Court will dismiss with prejudice all counts that are preempted under the LMRA (Counts I, II, III, IV, V, and VII). The Court will dismiss the remaining counts (Counts VI and VIII) without prejudice.

//

//

## IV. CONCLUSION

For the reasons above, the Court DENIES Eloph's motion to remand (Dkt. No. 12) and GRANTS Defendant's motion for judgment on the pleadings (Dkt. No. 15). Counts I, II, II, IV, V, and VII are dismissed with prejudice, and Counts VI and VIII are dismissed without prejudice. The Court GRANTS Eloph leave to amend the complaint as to Counts VI and VIII on or before August 11, 2026.

Dated this 28th day of July, 2026.

Kymberly K. Evanson
United States District Judge