Honorable Kymberly K. Evanson

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**SEATTLE DIVISION**

| | |
|---|---|
| JOHN ELOPH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HOS BROS CONSTRUCTION INC., a Washington corporation;<br><br>Defendant. | Case No. 2:25-cv-02491-KKE<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR UNPAID WAGES** |

Plaintiff John Eloph ("Plaintiff"), by their undersigned counsel, for his amended class action complaint against Defendant Hos Bros Construction Inc. ("Defendant"), alleges as follows:

/ / /

/ / /

/ / /



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

## I. INTRODUCTION

1.1 Nature of Action. Defendant has engaged in a systematic scheme of wage and hour abuses against its Washington hourly-paid or non-exempt employees. This Court dismissed with prejudice most of the claims originally brought in state court. See Order. Dkt. 27. These abuses include making unlawful deductions and rebates from employees' wages. Defendant's deliberate and willful failure to pay their employees their earned wages violates Washington law.

1.2 Plaintiff and the Class members are current and former hourly-paid or non-exempt employees of Defendant who have been victimized by Defendant's unlawful compensation practices. This lawsuit is brought as a class action under state law to recover unpaid wages owed to Plaintiff and those similarly situated.

## II. JURISDICTION AND VENUE

2.1 Jurisdiction. Defendant removed this matter from King County Superior Court and this Court denied Plaintiff's Motion to Remand. See Dkt. 28.

2.2 Venue. Venue is proper in the Seattle Division because this case was originally brought in King County Superior Court.

2.3 Governing Law. The claims asserted on behalf of Plaintiff and the Class members in this complaint are brought solely under state law causes of action and are governed exclusively by Washington law.

## III. PARTIES

3.1 Plaintiff. Plaintiff is a resident of Washington. Defendant hired Plaintiff as an hourly-paid or non-exempt employee during the relevant time period. Specifically, Plaintiff worked for Defendant from August 6, 2020, through October 13, 2023, as a laborer and pipe layer.



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

3.2 Defendant. Defendant is a Washington corporation with its principal place of business in Woodinville, Washington. It provides surveying, engineering, estimating, and construction services.

## IV. CLASS ACTION ALLEGATIONS

4.1 Class Definition. Pursuant to FRCP 23, Plaintiff brings this case as a class action on behalf of a Class defined as follows:

> All hourly-paid or non-exempt employees of Defendant in the State of Washington at any time from October 24, 2022 to final disposition of this action.

Excluded from the Class are any entity in which Defendant has a controlling interest or which has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

4.2 Numerosity. Plaintiff believes that more than 40 people have worked as hourly-paid or non-exempt employees for Defendant in the State of Washington during the relevant time period.

4.3 Commonality. There are numerous questions of law and fact common to Plaintiff and the Class members. These questions include, but are not limited to, the following:

a. Whether Defendant has engaged in a common course of making deductions and collecting rebates from the wages of Plaintiff and the Class members by requiring Plaintiff and the Class members to incur employer expenses and failing to reimburse them.

b. Whether Defendant failed to keep true and accurate records of the hours worked, rates of pay, gross wages, and all deductions for each pay period for Plaintiff and the Class members;

c. Whether Defendant failed to furnish itemized pay statements to Plaintiff and the Class members;



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

d. Whether Defendant willfully deprived Plaintiff and the Class members of the wages to which they were entitled; and

e. The nature and extent of class-wide injury and the measure of compensation for such injury.

4.4 Typicality. Plaintiff's claims are typical of the claims of the members of the Class because Defendant employed Plaintiff as an hourly-paid or non-exempt employee in the State of Washington. The claims of Plaintiff, like the claims of the Class, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

4.5 Adequacy. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys who are experienced lawyers with significant experience in complex and class action litigation, including employment law. Plaintiff and their counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor their counsel have interests that are contrary to or that conflict with those of the proposed Class.

4.6 Predominance. Defendant has engaged in a common course of wage and hour abuse toward Plaintiff and members of the Class. The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues.

4.7 Superiority. Plaintiff and the Class members have suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. Absent a class action, however, most Class members likely would find the cost of litigating their claims prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action. The Class members are readily identifiable from Defendant's records.



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

## V. SUMMARY OF FACTUAL ALLEGATIONS

5.1 Defendant has engaged in, and continues to engage in, a common course of wage and hour abuse against its hourly-paid or non-exempt employees in the state of Washington.

5.2 Unlawful Deductions and Rebates. Defendant has engaged in a common course of making deductions and collecting rebates from the wages of Plaintiff and the Class members.

5.3 Defendant has engaged in a common course of requiring Plaintiff and the Class members to incur employer expenses and failing to reimburse them.

5.4 For example, Defendant emphasized safety but did not always provide personal protective equipment, including work gloves and steel toe boots, which were required.

5.5 Plaintiff also had to use his cell phone to communicate with co-workers and supervisory staff.

5.6 The deductions from Plaintiff's checks were not the same each week, nor week-to-week. For example, on despite working the same number of hours during the week ending September 9, 2023, and September 23, 2023, there was an additional $23.76 deducted from the September 9, 2023, pay period. And again on his October 7, 2023 and October 14, 2023, pay periods, Plaintiff worked exactly forty hours for each of those weeks, but his deductions were for different amounts.

5.7 Defendant had actual or constructive knowledge of the facts set forth above.

5.8 Failure to maintain accurate payroll records. Under Washington law, an employer must keep and preserve payroll records that detail the "[h]ours worked each workday and total hours worked each workweek" and maintain those records for at least three years. WAC 296-128-010(6); WAC 296-126-050; *see also* RCW 49.46.0040(3).

5.9 Defendant has engaged in a common course of failing to keep accurate records of the hours Plaintiff and the Class members worked each day or the total hours they worked each week.

5.10 Defendant had actual or constructive knowledge of the facts set forth above.



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.11 Defendant both knew about these issues and failed to address them.

## VI. SIXTH CLAIM FOR RELIEF

**(Violations of RCW 49.52.060 and WAC 296-126-028 – Unlawful Deductions and Rebates)**

6.1 Pursuant to RCW 49.52.060 and WAC 296-126-028, an employer may not make deductions from an employee's wages except in limited circumstances.

6.2 Under Washington law, deductions and rebates must be identified and recorded "openly and clearly in employee payroll records." WAC 296-126-028(5); see also RCW 49.52.060; WAC 296-128-010(9).

6.3 RCW 49.52.070 provides that any employer who violates the foregoing statute shall be liable in a civil action for twice the amount of wages withheld, together with costs of suit and reasonable attorneys' fees.

6.4 By the actions alleged above, Defendant has violated the provisions of RCW 49.52.060 and WAC 296-126-028.

6.5 As a result of the unlawful acts of Defendant, Plaintiff and the Class members have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.52.070.

## VII. EIGHTH CLAIM FOR RELIEF

**(Violation of RCW 49.52.050 – Willful Refusal to Pay Wages)**

7.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

7.2 RCW 49.52.050(2) provides that any employer who "willfully and with intent to deprive the employee of any part of his wages, pays any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" is guilty of a misdemeanor.



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

7.3 Defendant's violations of RCW 49.52.060 were willful and intentional, and constitute violations of RCW 49.52.050.

7.4 RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.

7.5 As a result of the willful, unlawful acts of Defendant, Plaintiff and the Class members have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to recovery of twice such damages, including interest thereon, as well as attorneys' fees and costs under RCW 49.52.070.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on their own behalf and on behalf of the members of the Class, pray for a judgment against Defendant, as follows:

A. Certify the proposed Class;

B. Appoint Plaintiff as Class representative;

C. Appoint the undersigned attorneys as Class counsel;

D. Declare that the actions complained of herein violate Washington law;

E. Award Plaintiff and the Class members compensatory and exemplary damages;

F. Award attorneys' fees and costs to Plaintiff's attorneys, as allowed by law;

G. Award pre-judgment and post-judgment interest to Plaintiff, and the Class members, as provided by law; and

/ / /

/ / /

/ / /



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

H. Grant such other and further relief as this Court deems necessary.

RESPECTFULLY SUBMITTED AND DATED this 11th day of August, 2026.

**JUSTICE LAW CORPORATION**

By: /s/ *Douglas Han*
Douglas Han, WSBA #59429
Email: dhan@justicelawcorp.com
/s/ *Shunt Tatavos-Gharajeh*
Shunt Tatavos-Gharajeh, WSBA #59424
Email: statavos@justicelawcorp.com
/s/ *April Rhéaume*
April Rhéaume, WSBA #57119
Email: arheaume@justicelawcorp.com
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TELEPHONE: (360) 207-0000
Facsimile: (818) 230-7259

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the State of Washington that, on the date stated below, I did the following:

On August 11, 2026, I mailed by regular U.S. Mail, postage prepaid a true copy of the below and sent a courtesy copy:

**FIRST AMENDED CLASS ACTION COMPLAINT FOR UNPAID WAGES**

in the above-entitled matter to:

Alexandra Shulman
ashulman@buchalter.com
Jeff Frank
jfrank@buchalter.com
Becca Cassady
bcassady@buchalter.com
**Legal Staff:**
Theresa Dira
tdira@buchalter.com
Rebecca Turenne
rturenne@buchalter.com
Selma Crawford
scrawford@buchalter.com
Marci Brandt
mbrandt@buchalter.com
**BUCHALTER LLP**
600 University St. Suite 3100
Seattle, WA 98101-3126

*Attorney(s)* for Defendant Hos Bros Construction Inc.

**[X] By Electronic Mail**
**[X] By ECF**

Executed on August 11, 2026, at Pasadena, California.

*/s/ Sophia Hanneyan*
Sophia Hanneyan



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259